**FILED**

**August 27, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0051** (Wood County 19-F-185)

**Jeremy Michael Charlton,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION


Petitioner Jeremy Michael Charlton, by counsel Eric K. Powell, appeals the December 5, 2019, order of the Circuit Court of Wood County sentencing him to an indeterminate one-to-fifteen-year term of incarceration for his conviction of one count of burglary. The State of West Virginia, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. On appeal, petitioner argues that he received ineffective assistance of counsel when his trial counsel failed to provide him with a copy of his psychological evaluation containing exculpatory evidence which resulted in petitioner's guilty plea being made involuntarily.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2019, the grand jury indicted petitioner on one count of burglary and one count of destruction of property. By August of 2019, petitioner completed a psychological evaluation to determine his criminal culpability, and the circuit court concluded that petitioner was competent to stand trial. Petitioner pled guilty to one count of burglary in October of 2019, and the State, in exchange, dismissed the remaining count of the indictment. In December of 2019, the circuit court sentenced petitioner to an indeterminate one-to-fifteen-year term of incarceration. Petitioner now appeals the circuit court's December 5, 2019, sentencing order.

On appeal, petitioner argues that he was denied effective assistance of counsel due to his trial counsel allegedly failing to give him a copy of his psychological evaluation. According to petitioner, this evaluation contained exculpatory evidence. Petitioner further contends that because

1

of his counsel's failure to disclose the results of the evaluation, his guilty plea was involuntary. However, we have previously held that

> [i]t is the extremely rare case when this Court will find ineffective assistance of counsel . . . on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). Moreover, we have explained that

> [t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*State v. Miller*, 194 W.Va. 3, 15, 459 S.E.2d 114, 126 (1995).

Accordingly, we decline to address an alleged ineffective assistance of counsel claim in this direct appeal because the record has not been developed on this issue. If petitioner desires to raise this issue, it must first be developed in a habeas corpus proceeding. Indeed, petitioner's brief states that petitioner has raised the same claims in a petition for habeas corpus relief currently pending before the circuit court.

For the foregoing reasons, the circuit court's December 5, 2019, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton